IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RONNIE PERNELL JOHNSON** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **Criminal Action No: 14-CR-00221-KD** |
| v. ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## ORDER

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. (Doc. 41). For the reasons discussed herein, Petitioner's motion is **DENIED**.

**I.     Petitioner's § 2255 Motion**

This is Petitioner's first motion pursuant to § 2255. On October 28, 2014, Petitioner pled guilty to Counts Seven and Nine of the Indictment, which charged him with violating 21 U.S.C. § 841(a)(1), possession with intent to distribute cocaine and 18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug trafficking crime. On January 30, 2015, Petitioner was sentenced to a term of 120 months, which consisted of 60 months as to Count Seven and 60 months as to Count Nine, to run consecutively. (Doc. 32 at 2).

Though he was not sentenced pursuant to the Armed Career Criminal Act ("ACCA"), Petitioner seeks relief based on the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015). In *Johnson*, the Court held that the residual clause of the ACCA is

unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. *Id.* at 2251, 2557-58, 2563.[1]

Petitioner was sentenced pursuant to 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3)(B) contains a similar clause to the ACCA's residual clause invalidated by *Johnson*. The Eleventh Circuit Court of Appeals has not decided whether *Johnson* applies to 18 U.S.C. § 924(c)(3)(B). *In re Pinder*, --- F.3d ---, No. 16-12084-J, 2016 WL 3081954, at *1 (11th Cir. June 1, 2016). However, even if the Court of Appeals were to extend *Johnson* to § 924(c)(3)(B), Petitioner's claim still fails, as he was not sentenced pursuant to § 924(c)(3)(B). Rather, he was sentenced pursuant to § 924(c)(1)(A).

Section 924(c) provides for a minimum five year sentence when the defendant has possessed a firearm "during and in relation to any crime of violence *or* drug trafficking crime." 18 U.S.C. § 924(c)(emphasis added). Petitioner was convicted for possessing a firearm during and in furtherance of a *"*drug trafficking crime," not a "crime of violence."[2] *Johnson* has no impact on the definition of "drug trafficking crime." Thus, even if *Johnson* were extended to the clause contained in § 924(c)(3)(B), this clause was not implicated in Petitioner's case. *See e.g. Goodale v. United States*, 2016 WL 4013455, at *2 (N.D. Ala. July 27, 2016)(denying a motion pursuant to § 2255 explaining, "In this case, however, [Movant] was convicted and sentenced under the 'drug trafficking crime' portion of that law. A 'drug trafficking crime' is defined as 'any felony punishable under the Controlled Substances Act, the Controlled Substances Import and Export Act, or chapter 705 of title 46.' 18 U.S.C. § 924(D)(2)…Because the predicate offense was a drug

---

[1] The ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that: (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; (2) is burglary, arson, or extortion, or involves use of explosives; or (3) otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B); *Mays v. United States*, 817 F.3d 728, 730-31 (11th Cir. 2016). These three "clauses" are known as the "elements clause," the "enumerated clause," and the "residual clause," respectively. *Mays* at 731.

[2] Petitioner incorrectly states, "The Petitioner was sentenced under 18 U.S.C. § 924(c), which requires a higher prison sentence whenever a defendant possesses a firearm in furtherance of a drug trafficking crime now considered to be a crime of violence." (Doc. 41 at 2). *Johnson* did not re-categorize drug trafficking crimes.

trafficking crime, not a crime of violence, the reasoning put forth by [the Movant] under *Johnson* is not applicable."). Accordingly, Petitioner's motion is **DENIED**.

## II.     Certificate of Appealability

This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28. U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate and deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds that Petitioner's claims do not satisfy either standard.

## III.    *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C.A. § 1915(a)(3).  A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued ... is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding ... [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien,* 216 F.3d 626, 631-632 (7th Cir. 2000).  *See also Weaver v. Patterson*, 2012 WL 2568218, *7 (S.D. Ala. Jun. 19, 2012), *report and recommendation adopted*, 2012 WL 2568093 (S.D. Ala. July 3, 2012) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).  *See* Fed. R. App. P. 24(a)(3)(A); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); *DeSantis v.*

*United Techs, Corp.,* 15 F. Supp. 2d 1285, 1288-1289 (M.D. Fla. 1998) (stating that good faith "must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). *But see, e.g., United States v. McCray,* No. 4:07CR20-RH, 2012 WL 1155471, *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained -- and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.").

Upon consideration, the Court finds and certifies that any appeal by Petitioner in this action would be without merit and therefore not taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*.

**IV.  Conclusion**

Upon consideration of the foregoing, the Court finds that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Thus, neither service upon the United States nor a hearing is required. *Id*. Accordingly, the motion is **DENIED**.

**DONE** and **ORDERED** this the **5th** day of **August 2016**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**