IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 14-00221-KD-M |
| | ) |
| RONNIE PERNELL JOHNSON, | ) |
| | ) |
| Defendant. | |

**ORDER**

This action is before the Court on Defendant Ronnie Pernell Johnson's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (doc. 47).[1]  Upon consideration, and for the reasons set forth herein, the Motion for Compassionate Release is dismissed without prejudice and the motion pursuant to the CARES Act is denied.

I. Background

In August 2014, Johnson was indicted for offenses related to cocaine distribution and use of a firearm in furtherance of cocaine distribution. He pled guilty to Count 7, possession with intent to distribute cocaine, and Count 9, possession of a firearm in furtherance of a drug trafficking crime.  On January 30, 2015, Johnson was sentenced to a total term of 120 months, which consists of 60 months as to Count 7 and 60 months as to Count 9, to serve consecutively (doc. 32).

---

[1] Daniele v. United States, 740 Fed. Appx. 973, 977 (11th Cir. 2018) ("… we have held that pro se 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'") (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

Johnson is now 39 years old and has served approximately 50% of his sentence. He is incarcerated at Federal Prison Camp Pensacola in Pensacola, Florida.  His release date is August 7, 2023.  At present, no inmates have been diagnosed with Covid 19.  Four staff members have confirmed active cases and one staff member has recovered.  https://www.bop.gov/coronavirus/

Johnson moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 47).  Alternatively, he moves the Court for relief under the CARES Act (Id.).

II. Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i)

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the district court may not modify a term of imprisonment once it has been imposed except as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed. Appx. 727, 729 (11th Cir. Feb. 25, 2020) (citing 18 U.S.C. § 3582(c)).

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, provides that the district court "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the district court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent

2

with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

As stated above, the Court may act on the motion only after Johnson has met one of two statutory prerequisites.  However, Johnson does not allege that he made a request for compassionate release to the Warden and more than 30 days have lapsed since the Warden received his request or that he has exhausted his administrative rights (doc. 47). Since Johnson failed to comply with either of the statutory requirements, he has not met the necessary prerequisites for the Court to consider his motion. Accordingly, Johnson's motion for compassionate is dismissed without prejudice for failure to meet the exhaustion requirements. See United States v. Alam, 960 F. 3d 831, 834 (6th Cir. 2020) ("The language Congress used is quite mandatory anyway. It says a 'court may not' grant relief without complying with the exhaustion requirement, 18 U.S.C. § 3582(c), and thus operates as an 'unyielding procedural requirement[.]'") (quoting United States v. Dowl, 956 F.3d 904, 908 (6th Cir. 2020) (per curiam)); United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020) ("We join the other three circuits that have faced the question and conclude that" the statutory requirements are mandatory.) (citing United States v. Alam, 960 F.3d at 832; United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); United States v. Springer, No. 20-5000, 820 Fed. Appx. 788, 790–92 (10th Cir. July 15, 2020).

Additionally, even if Johnson had exhausted his administrative remedies, he is not entitled to a reduction in sentence to time served. Johnson has not shown extraordinary and compelling reasons, which would warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling" reasons are not defined in the statute.  Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence

modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).  Congress also stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Id.

Before the First Step Act was enacted, the Sentencing Commission promulgated the following policy statement, with criteria and examples:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; or . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.[2]

The Application Notes to the Policy Statement includes four examples of extraordinary and compelling reasons for consideration of a reduction in sentence under § 3582(c)(1)(A).  The only example that could possibly apply is found in Application Note 1(D).[3]  Under Application

---

[2] Subparagraph (B) provides for consideration of compassionate release if "[t]he defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned[.]"   Since Johnson is 39 years old,  subparagraph (B) cannot apply to him.

[3] Johnson does not allege that he has a terminal illness, a serious physical or medical condition or a serious functional or cognitive impairment, or that he is experiencing deteriorating physical or mental health because of the aging process, such that his ability to provide self-care in prison is substantially diminished.  He does not allege that his family circumstances meet the criteria in

Note 1(D), the district court may consider "Other Reasons" if "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id., cmt. n. (1)(D). Since Johnson has not alleged any reasons that meet the examples in Application Notes 1(A) – (C), his "extraordinary and compelling reasons" cannot act "in combination with" the reasons described in those examples (Id.). Therefore, the Court looks to whether Johnson has shown extraordinary and compelling reasons "other than" those described in Application Notes 1(A) – (C).

In its present version, Application Note 1(D) "leaves identification of other 'extraordinary and compelling reason[s]' to the Director of the Bureau of Prisons." United States v. Fox, No. 2:14-CR-03-DBH, 2019 WL 3046086, at * 3 (D. Me. July 11, 2019). But now that the First Step Act allows the inmate to move for compassionate release without the BOP's support, it is unclear what "other" reasons can be relied upon for compassionate release. However, the Court finds that until the Sentencing Commission amends its Policy Statement "those other extraordinary and compelling reasons should be comparable or analogous to what the Commission has already articulated as criteria for compassionate release." United States v. Fox, 2019 WL 3046086, at *3.

Johnson first points to the Covid 19 epidemic and states that procedures regarding the virus are in place at FPC Pensacola. He then states that he "works at UNICOR which does the laundry for the military hospitals" and because this is his work, he cannot mitigate his risk of exposure to Covid 19. Johnson states he has served approximately 50% of his sentence, had no "major disciplinary actions", consistently worked during his incarceration, and has taken "trade

---

Application Note 1(C), or that he meets the age requirement in Application Note 1(B) (at least 65 years old). U.S.S.G. § 1B1.13, cmt. n. 1(A), (B) & (C).

skills and education courses" (doc. 47, p. 4).  He argues that these factors, in combination with his risk of Covid 19 infection, show that he is entitled to a reduction of sentence to time served.

However, these reasons are not comparable or analogous to the criteria in the Policy Statement.  See United States v. Fox, 2019 WL 3046086, at *3. And the Policy Statement indicates that the reasons should be consistent with the reasons determined by the Bureau of Prisons. See Bureau of Prison Program Statement 5050.50, Compassionate Release/Reduction in Sentence Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g). But PS 5050.50 does not indicate that fear of contracting Covid 19, standing alone, is a reason for compassionate release. See Curry v. United States, No. CR 15-0137-WS, 2020 WL 5836551, at *2 (S.D. Ala. Sept. 30, 2020) ("Nothing in PS 5050.50 reflects a determination by the BOP that compassionate release may be appropriate based on an inmate's generalized fear of contracting COVID-19 in prison. As such, Curry is effectively urging this Court to find that his circumstances constitute an ''extraordinary and compelling reason' for § 3582(c)(1)(A) relief, even though doing so would not be within the scope of reasons determined by the BOP to be extraordinary and compelling and therefore would not be consistent with the Sentencing Commission's applicable policy statement.") (underlining in original).

   III.  Cares Act

Johnson also moves for release to serve the remainder of his sentence on home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516. Previously, the Bureau of Prisons had authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."  18 U.S.C. § 3624(c)(2) (as amended by the First Step Act of 2018, Pub. L. 115-391, Title I, § 102(b)(1), Title VI, § 602, 132 Stat. 5210, 5233,

5238) (effective Dec. 21, 2018). Additionally, the statute required that the Bureau of Prisons "to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." Id.

Under the CARES Act, effective March 27, 2020, the BOP Director was permitted to lengthen the maximum amount of time a prisoner may be placed in home confinement, in certain circumstances and during a specified period of time after the declaration of national emergency due to Covid 19, if the Attorney General found that emergency conditions would materially affect the functioning of the BOP. CARES Act, Pub. L. 116-136, § 12003(b)(2).[4]

On April 3, 2020, Attorney General William Barr made this finding and gave the Director authority to exercise this discretion. The Director was directed to "immediately review all inmates who have COVID-19 risk factors, as established by the CDC, starting with the inmates incarcerated at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated facilities where you determine that COVID-19 is materially affecting operations." Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020),

https://www.justice.gov/file/1266661/download

However, the CARES Act did not give the Court authority to grant motions to serve the remainder of a sentence on home confinement, or to direct or order the BOP to place a prisoner in home confinement. Instead, pursuant to 18 U.S.C. § 3621(b), the BOP "shall designate the place of the prisoner's confinement". Since the Court cannot grant the relief he seeks, Johnson's

---

[4] "Home Confinement Authority. During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." CARES Act, P.L. 116-136, § 12003(b)(2) (2020).

motion is denied.  See United States v. Allen, 2020 WL 2199626, at *1 (S.D. Ga. May 6, 2020) (finding that a "request for home confinement under the CARES Act is different from a reduction-in-sentence (RIS) request based upon compassionate release" and that the statutes which implement the CARES Act, 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541, "do not authorize a federal court to order the BOP to release a prisoner.").

**DONE** and **ORDERED** this 13th day of November 2020.

                                            **s / Kristi K. DuBose**
                                            **KRISTI K. DuBOSE**
                                            **CHIEF UNITED STATES DISTRICT JUDGE**